# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PATRICIA L. GUY,**

       **Plaintiff,**

v.                                             **Case No. 04-C-921**

**DEBRA LAROSA, and
CITY OF MILWAUKEE
HOUSING AUTHORITY**

       **Defendants.**

## ORDER ON PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR SUMMARY JUDGMENT

Patricia L. Guy ("Guy"), proceeding pro se, filed a motion to compel discovery and a motion for summary judgment against the defendants. In her motion to compel, Guy seeks an order requiring counsel for the defendants to answer certain interrogatories and to produce documents, allow inspection, or permit entry on land. No further specifics are provided and no memoranda supports Guy's motion. In addition, the discovery requests for which Guy seeks an answer are identified by number only.

It is possible that Guy's pending motion was intended to refer to discovery requests that Guy filed on March 2, 2005. However, the court does not know whether Guy made other discovery requests and the discovery requests of record were filed two months prior to Guy's motion to compel. In addition, the motion to compel does not reference the earlier filings, and it appears that Guy has

been erroneously filing discovery pleadings and other documents as a matter of general practice. (See Ans. to Interrogatories May 9, 2005 and Settlement Ltr. May 9, 2005.). Moreover, Guy does not state whether the defendants objected to her discovery requests or simply failed to respond. Without further particularization, this court has no way of knowing what information Guy sought, cannot determine the significance of her requests, and cannot make the ultimate determination whether the defendants are obligated to comply with Guy's requests.

Furthermore, Guy has not complied with Civil Local Rule 37.1 Federal Rule of Civil Procedure 37(a)(2)(A). Under Federal Rule 37(a)(2)(A), motions for discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." Similarly, Civil Local Rule 37.1 requires that all motions for discovery

> be accompanied by her to provide the court with a written statement by the movant that, after personal consultation with the party adverse to the motion and after sincere attempts to resolve their differences, the parties are unable to reach an accord. The statement must also recite the date and time of such conference and the names of all parties participating in it.

Because Guy has not complied with these rules or provided sufficient particularization, Guy's motion will be denied without prejudice.

In addition, because Guy has not received all of the discovery she feels entitled to, Guy's motion for summary judgment is premature. Indeed, the requested discovery may create disputed facts that make summary judgment inappropriate. Accordingly, the court will also deny Guy's motion for summary judgment without prejudice at this time. The deadline for the completion of discovery and for filing dispositive pretrial motions will be extended. Guy may refile her motions, as necessary, in

accordance with the new deadlines set forth herein, as well as the Federal Rules of Civil Procedure and the local rules of this court.

**IT IS THEREFORE ORDERED** that Guy's motion to compel discovery is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Guy's motion for summary judgment is **denied without prejudice.**

**IT IS FURTHER ORDERED** that (1) all discovery is to be completed by **June 30, 2005** and (2) all dispositive pretrial motions and supporting briefs are to be filed in accordance with Civil Local Rule 56.2 and no later than **July 15, 2005.**

Dated at Milwaukee, Wisconsin, this 8th day of June, 2005.

s/AARON E. GOODSTEIN
United States Magistrate Judge