UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

**PATRICIA L. GUY,**

       **Plaintiff,**

    v.                                        Case No. 04-C-921

**DEBRA LAROSA and
CITY OF MILWAUKEE HOUSING AUTHORITY,**

       **Defendants.**
_____

### ORDER GRANTING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING GUY'S MOTION FOR SUMMARY JUDGMENT
_____

       Patricia L. Guy ("Guy"), proceeding pro se, filed the pending action against the City of Milwaukee Housing Authority ("Housing Authority") and one of its managers, Debra LaRosa ("LaRosa"). The Honorable Rudolph T. Randa, Chief Judge, previously conducted a preliminary review of Guy's complaint and granted her application to proceed in forma pauperis. In doing so, the court determined that Guy brings this suit under Housing and Urban Development regulation 24 C.F.R. Part 982, which governs the Housing Assistance Payment Contract that Guy entered with her now deceased mother, Mary E. Guy ("Mary Guy"). Under that contract, Guy lived in her mother's apartment building and paid only a portion of the total rent due. The remainder was paid as a subsidy by the Housing Authority.

       After Guy was permitted to proceed in forma pauperis, the parties consented to the full jurisdiction of a magistrate judge, and the case was transferred to this court for all further proceedings. Following a period of discovery, the parties filed cross-motions for summary judgment. The pleadings

on those motions are now closed, and both are ready for resolution.

## SUMMARY JUDGMENT STANDARDS

A motion for summary judgment will be granted when there are no genuine issues as to material fact and the movant is entitled to judgement as a matter of law. FED. R. CIV. P. 56(c). As provided under Rule 56(c), only "genuine" issues of "material" fact will defeat an otherwise "proper" motion for summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Material facts are those facts that, under the governing substantive law, might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute of such material facts is "genuine" if the evidence is such that a reasonable trier of fact could find in favor of the nonmoving party. Id.

The movant bears the burden to establish that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970); see also Celotex Corp., 477 U.S. at 323. The moving party satisfies its burden by demonstrating "that there is an absence of evidence to support the nonmoving party's case." Celotex Corp., 477 U.S. at 325. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. Anderson, 477 U.S. at 255; Cain v. Lane, 857 F.2d 1139, 1142 (7th Cir. 1988); Spring v. Sheboygan Area School Dist., 865 F.2d 883, 886 (7th Cir. 1989). Further, "on summary judgment, a court can neither make a credibility determination nor choose between competing interests." Sarsha v. Sears, Roebuck & Co., 3 F.3d 1035, 1041 (7th Cir. 1993).

If the moving party meets its burden, the nonmoving party then has the burden to present specific facts showing that there is a genuine issue of material fact. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

2

**ANALYSIS**

For several reasons, the court will grant the defendants' motion for summary judgment. As an initial matter, summary judgment is warranted because Guy's summary judgment submissions falls far short of the requirements under both the Federal Rules of Civil Procedure and this court's Civil Local Rules. Her summary judgment brief consists of (1) duplicate statements of fact and statements of the case, (2) affidavits that incorporate a number of Guy's previous motions and exhibits, without discussion of how those submissions support her claim for summary judgment, (3) various documents from the defendants' counsel that set forth the Housing Authority's payments, and (4) Guy's discovery requests. While a party may submit information outside of the pleadings on summary judgment, it is incumbent on the parties to explain the relevance of any exhibit presented. See FED. R. CIV. P. 56(c). Guy has not done that. The portion of Guy's submission in which she argues that the defendants made rental assistance payments to her mother's estate fails to even reference many of the exhibits and documents presented in support of her motion.

Furthermore, under Civil Local Rule 56.2(a), Guy's summary judgment motion must include a stipulation of facts between the parties or a statement of proposed findings of fact that is supported by specific citations to evidentiary materials in the record, such as pleadings, affidavits, depositions, interrogatory answers, or admissions. In addition, proposed facts must be set out in numbered paragraphs. CIV. L. R. 56.2(a). The contents of each paragraph must be limited as far as practicable to a single factual proposition and must demonstrate that there is no genuine issue of material fact. Id. Similarly, under Federal Rule of Civil Procedure 56(e), Guy's summary judgment response "may not rest upon the mere allegations or denials of the adverse party's pleading." Rather, it is incumbent upon Guy to set forth specific facts showing that there is a genuine issue for trial.

Guy's summary judgment submissions do not satisfy these requirements. For example, in her statement of facts, Guy makes claims such as the following:

> Manager LaRosa gave money conspiringly to Mr. Pulley and then to the New Owners of whom Mr. Pulley had illegally sold the property to their name being Mark and Susan Cimbalnik.
>
> * * *
>
> Furthermore, as a new owner if legally done the new owner was supposed to acknowledge honor the language of the first contract that, did not happen I the tenant was illegally evicted and left homeless for 4 months in the heart of winter.

(Guy Summ. J. Br. 6.). The foregoing allegations are clearly argument and not statements of undisputed facts. Moreover, the allegations are not supported by specific citation to evidentiary materials in the record.

Guy's noncompliance with the applicable federal rules and procedures at this stage in the proceedings is troubling because the court has **repeatedly** instructed Guy that adherence to the applicable rules and procedures is mandatory. (See Order, June 8, 2005 at 2 (denying Guy's Motion to Compel for failure to comply with Civil Local Rule 37.1 and Federal Rule 37(a)(2)(A); Order, July 11, 2005 at 2 (stating that the court is unable to ascertain the relief sought in Guy's "Motion to Extend Pages and Amend Summary Judgment" because of her noncompliance with filing procedures and applicable rules); Order, July 14, 2005 at 3 (construing an ambiguous motion for sanctions as a motion to compel and citing Guy's failure to comply with applicable discovery rules); Order, July, 28, 2005 (denying Guy's motion for sanctions and request for FBI investigation and instructing her to comply with applicable rules).). In fact, in its July 7 and 28, 2005 orders, the court specifically advised Guy to look at Civil Local Rule 56.2 and Federal Rule of Civil Procedure 56 so that her summary judgment motion is in accordance with the required procedures.

4

In addition, the defendants filed the notice regarding its summary judgment motion that must be sent to pro se litigants under Civil Local Rule 56.1(a). (Def. Civ. L.R. 56.1 Stmt. - Docket 44.). That notice further advised Guy that her compliance with Civil Local Rules 56.1 and 56.2 and Federal Rule of Civil Procedure 56 is required.

While pro se litigants are allowed considerable leeway in presenting claims, they are not free to disregard binding rules and court orders. Guy's noncompliance despite substantial efforts to alert her to applicable procedures alone would warrant summary judgment in favor of the defendants.

Moreover, Guy's noncompliance with the federal and local rules has resulted in submissions that leave the court uncertain about the basis and reliability of her contentions. While it appears that certain facts are undisputed — for example, the fact that the Housing Authority paid subsidies to Pulley and the Cimbalniks, who were subsequent owners of the property — none of Guy's submissions clearly articulate why the undisputed fact of the Housing Authority's payments warrants summary judgment in her favor. Further, in her complaint, Guy requests damages of $4,000,000 against all of the defendants and an additional $260,000 against LaRosa in her individual capacity. (Compl. at 8.). The basis for these particular and substantial damage amounts is not discussed and is not apparent from the allegations alone.

In its screening order to determine whether Guy should be permitted to proceed in forma pauperis, the court faced similar uncertainty. In her complaint, Guy cites to various Housing and Urban Development regulations and references the housing assistance payment contract that she entered, as a tenant, with her mother. Guy also made the following allegations: (1) that LaRosa gave money to Maurice Pulley ("Pulley") and not to the estate of her deceased mother, Mary E. Guy ("Mary Guy"); (2) that Pulley has a deed for the property at which Guy was a tenant but did not sign a contract

5

as the new owner; (3) that LaRosa should have checked the court docket before distributing money to Pulley; and (4) that Pulley was supposed to sign a contract with Guy, but did not. (Compl. 5-8.). Based on the foregoing, the court believed that Guy's suit was based on her Housing Assistance Payment Contract and the governing HUD regulation, 24 C.F.R. Part 982. Because the Seventh Circuit has recognized an implied private cause of action by HUD tenants, under particular circumstances, the court concluded that Guy's suit was not plainly frivolous or malicious and permitted the case to proceed. (Order, J. Randa Nov. 8, 2004 at 3-4.).

The summary judgment submissions have now clarified Guy's position. Guy is arguing that the defendants should have paid housing subsidies to the Estate of Mary Guy, after her death on June 10, 2003. Had those payments been made to the Estate, Guy contends that the money would have been split between herself and other of Mary Guy's heirs. Guy does **not** contend that she was deprived of benefits set forth in the Housing Assistance Payment Contract. In fact, it is undisputed that Guy's rent continued to be subsidized after Mary Guy died and until February of 2004, when Guy's tenancy at the subject property came to an end. According to a portion of Guy's deposition cited in the defendants' summary judgment brief, Guy testified as follows:

> Q: So there was nobody saying, hey, the subsidies aren't coming in, you need to pay the entire amount of the rent?
>
> A: Absolutely not.

(Def. Summ. J. Br. at 3 (citing Guy Dep. of 6/3/05 at 20.).

The defendants' motion for summary judgment argues that Guy does not have standing to seek subsidies that should have been paid to her mother's estate because Guy is not the Estate's appointed administrator. Guy does not address that claim in any of her submissions, and the defendants' position

6

is confirmed by the Register in Probate Certificate filed by the defendants. (See June 2, 2005 Cert. of Robert R. Knoll and Kitty K. Brennan and Attach. - Docket 49.); see also In the Estate of Mary E. Guy, Milwaukee County Case No. 03-PR-1249, available via the Wisconsin Consolidated Court Automation Program, at http://wcca.wicourts.gov/index.xsl. Thus, Guy's lack of standing constitutes a second basis for granting summary judgment in favor of the defendants, and the court need not reach the merits of the claims that appear to be presented. In one of her submissions, Guy repeatedly claims that she wants "justice" in regard to what she views is a conspiracy regarding the transfer of the property. However, it is clear that the issues raised by Guy are within the special jurisdiction of the Wisconsin probate court, if raised by the Estate's administrator.

Parenthetically, based on the summary judgment briefs, the court cannot discern any basis to conclude that the Housing Authority's disbursements to Pulley and the Cimbalniks was improper. A properly filed Warranty Deed and Termination of Decedent's Interest form indicates that Pulley owned the subject property with Mary Guy as a joint tenant, and thereby assumed ownership of the property when Mary Guy died. (See Pulley Aff. Aug. 15, 2005 Attach. - Docket 67.). In other words, Mary Guy's interest in the apartment ceased upon her death.

Accordingly, and for all of the reasons discussed, the court will grant the defendants' motion for summary judgment, deny Guy's summary judgment motion, and dismiss this case.

**IT IS THEREFORE ORDERED** that Guy's motion for summary judgment is **denied.**

**IT IS FURTHER ORDERED** that the defendants' motion for summary judgment is **granted** and the plaintiff's complaint and this case is **dismissed** on the merits.

Dated at Milwaukee, Wisconsin this 17th day of March, 2006.

s/AARON E. GOODSTEIN
United States Magistrate Judge